---

### In re D——.

#### (District Court. N. D. Ohio, W. D. July 7, 1923.)

**Aliens ☞62—"Conscientious objector" held ineligible to citizenship.**

> An alien, who, after having made his declaration of intention, claimed exemption from the Selective Service Law on the ground that he was a "conscientious objector," and who persists in his declaration that he will not perform military service for the United States in time of war, *held* ineligible to citizenship.

In the matter of the application of Ferdinand D—— for admission to citizenship. Application denied.

KILLITS, District Judge. The applicant was born in Hungary in June, 1890, coming to America on the 7th of December, 1906, taking out his first papers November 2, 1916, and is before the court on his petition for admission to citizenship. It appears that August 10, 1917, he was before the draft board in the city of Toledo, where he filed a claim for discharge from selective draft with an affidavit reading as follows:

"I, Ferdinand D——, * * * hereby certify that I am 27 years of age and reside at * * * Toledo, Ohio. I hereby respectfully claim discharge from selective draft on the following ground: That I am bound by the law of my conscience to refuse to bear arms or to participate in war, and that I will loyally do anything with my hands or my brain for this country, but will not become a soldier, nor set out to kill or injure my fellow men, and especially in this war, in which two of my brothers have been compelled to fight in the armies of the Central Powers."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He appeared before this court at our April session for naturalization purposes, and was there interrogated respecting the affidavit, asserting in response to queries from the court that his position respecting the bearing of arms in defense of the country was still that as taken at the time of the selective draft. The question was reserved whether he was eligible to admission to citizenship.

Upon consideration, we are of the opinion that the applicant is disqualified. The Constitution recognizes the office of force, through war, in the preservation of our institutions, and it is fundamental to any democracy that social and political obligations should be universal. By the Act of June 3, 1916, c. 134, § 57 (section 3041, Comp. Stat.) every able-bodied male citizen of the United States and all other able-bodied males who have declared their intention to become a citizen of the United States, who are between the ages of 18 and 45, are members of the unorganized militia, required by law to bear arms when necessary. This legislation obligated the applicant as a declarant. He repudiated it when he told this court that he stood by his demand for exemption as a "conscientious objector."

By the Naturalization Act (34 Stat. 596), an applicant, as a condition for admission to citizenship, must declare on oath, among other things, that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and will bear true faith and allegiance to the same. We are unable to see how an applicant, who conscientiously objects to bearing arms in his country's defense, can take this oath without reservations, and we are unwilling to accept an oath that is subject to any reservation whatever. The import of the oath includes, very clearly, an obligation on the part of the taker that he will accept responsibility for every law, including that referred to respecting the militia. It includes by implication also a responsibility to respond to every call which the legislative wisdom of the country shall deem requisite to the defense of the country. In our judgment, the applicant does not measure up to the full essentials of American citizenship, and his application is therefore denied.

Without any intention to reflect upon the quality of the profession of conscientious objector, we feel that it is enough that the country must endure the native-born of that persuasion whose citizenship is a birthright, without extending the number by the favor of naturalization laws.